UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-00275-JAR |
| ) | |
| RICHARD JENNINGS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Bobby Brown's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). Respondent filed a response on April 6, 2020. (Doc. 7). Petitioner has not filed any reply, and the deadline to do so has passed. For the reasons discussed below, the Petition will be denied.

**I.     BACKGROUND**

On July 18, 2017, Petitioner pled guilty in Missouri state court to one count each of unlawful use of a weapon (by discharging a firearm from a motor vehicle), armed criminal action, unlawful possession of a firearm, and resisting arrest. (Doc. 7-5 at 2-3). Petitioner was sentenced to 15 years' imprisonment for unlawful use of a weapon, 15 years for armed criminal action, seven years for unlawful possession of a firearm, and four years for resisting arrest, such terms to be served concurrently. (*Id.*). In exchange for the guilty plea, the prosecution agreed not to "prove [Petitioner] up" as a prior and persistent offender. (*Id.* at 3 n.2).

After multiple changes of post-conviction counsel, Petitioner filed an amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on April 4, 2018. (*Id.* at 4). Though the motion court determined that the motion was untimely, it proceeded to address

1

and deny Petitioner's claims for post-conviction relief without holding an evidentiary hearing. (*Id.* at 5). The Missouri Court of Appeals affirmed this denial on October 1, 2019. (*Id.* at 9). *See Brown v. Missouri*, 588 S.W.3d 622 (Mo. Ct. App. 2019) (per curiam). On February 18, 2020, Petitioner timely filed his Petition for Writ of Habeas Corpus in this Court. (Doc. 1). This Court has liberally construed the pro se Petition. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Petition states five grounds for relief:

<u>Ground One</u>: Ineffective Assistance of Counsel – Gunshot Residue Test

<u>Ground Two</u>: Ineffective Assistance of Counsel – Abandonment & Actual Innocence

<u>Ground Three</u>: Ineffective Assistance of Counsel – Adequate Trial Strategy

<u>Ground Four</u>: Fifth and Eighth Amendments – Duress

<u>Ground Five</u>: Ineffective Assistance of Counsel – Eye-Witness Testimony

**II.   LEGAL STANDARDS**

    A.   <u>28 U.S.C. § 2254</u>

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court may not grant a writ of habeas corpus as to any claim that was adjudicated on the merits in state court proceedings unless such adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A state court's decision is contrary to . . . clearly established law if it applies a rule that

contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Finally, a state court decision is based on an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1111 (8th Cir. 2004) (citations omitted). The petitioner must rebut this presumption by clear and convincing evidence. *Rice v. Collins*, 546 U.S. 333, 338-39 (2006).

B.  <u>Ineffective Assistance of Counsel</u>

Petitioner's first, second, third, and fifth grounds for relief all allege ineffective assistance of plea counsel ("Plea Counsel"). Federal review of an ineffective assistance of counsel claim under § 2254 is "doubly deferential." *Burt v. Titlow*, 571 U.S. 12, 15 (2013). First, Petitioner must meet the requirements of *Strickland v. Washington* by establishing that (1) Plea Counsel's performance was objectively unreasonable and (2) Petitioner was prejudiced such that the result of the proceedings would have been different if not for the error. 466 U.S. 668, 694 (1984). Judicial scrutiny of counsel's performance is "highly deferential," and this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

3

Second, Petitioner must demonstrate that the state court's adjudication of his ineffective assistance claim was unreasonable. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [Petitioner] must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004) (quoting *Bell v. Cone*, 535 U.S. 698-99 (2002)). This requirement will not apply to many of Petitioner's claims due to his failure to present them to the Missouri Court of Appeals.

Petitioner pled guilty to the crimes for which he was sentenced. As a result, his habeas challenge is limited to the voluntariness of the plea and whether he understood the charges and consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). Pre-plea constitutional claims are waived by a valid and voluntary state court plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Accordingly, to obtain habeas relief for his ineffective assistance claims, Petitioner must demonstrate that Plea Counsel's representation fell below an objective standard of reasonableness and Petitioner would have insisted on going to trial but for such ineffective assistance. *See Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (Petitioner must "establish a reasonable probability that he would have exercised his right to trial but for counsel's ineffectiveness."); *Sell v. Steele*, No. 4:11-CV-168 JAR, 2014 WL 707248, at *10 (E.D. Mo. Feb. 24, 2014) (citation omitted). Petitioner's representations during his plea hearing "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (internal quotations omitted).

Before assessing each of Petitioner's ineffective assistance claims, it is important to note that Petitioner repeatedly affirmed to the plea court that Plea Counsel rendered adequate

4

assistance. The following exchange took place when Petitioner entered his guilty plea:

> Plea Court: All right. Did your lawyer do everything that you asked him to do in this case?
>
> Petitioner: Yes, he did, Your Honor.
>
> Plea Court: Did you give your lawyers the names of all witnesses, if any, that could come into this courtroom to testify on your behalf?
>
> Petitioner: Yes, Your Honor.
>
> . . .
>
> Plea Court: You talked to [Plea Counsel] about the possibility of going to trial and the consequences therefrom?
>
> Petitioner: Yes, Your Honor.
>
> Plea Court: You talked to [Plea Counsel] about all possible defenses that you might have?
>
> Petitioner: Yes, Your Honor.
>
> Plea Court: Are you satisfied that your lawyer listened to everything that you had to say?
>
> Petitioner: Yes, Your Honor.
>
> Plea Court: Did you ask your lawyer questions?
>
> Petitioner: Yes, I did.
>
> Plea Court: Did he give you answers?
>
> Petitioner: Yes, Your Honor.
>
> Plea Court: Are you satisfied with your discussions with your lawyer?
>
> Petitioner: Yes, Your Honor. (Doc. 7-1 at 17-18).

Petitioner's claims of ineffective assistance of Plea Counsel are squarely contradicted by his sworn statements.

## III.  DISCUSSION

  A.  Procedural Default

A state prisoner is typically "barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (internal quotations omitted); *see also* 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement offers the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In Missouri, appeal to the intermediate state appellate court sufficiently exhausts state remedies to permit federal habeas review pursuant to § 2254. *See* Mo. Sup. Ct. R. 83.04; *Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002).

Respondent contends that Petitioner has procedurally defaulted his first four claims for relief by failing to present them to the Missouri courts. This Court agrees. The second ground for relief – ineffective assistance of Plea Counsel due to abandonment and actual innocence – was arguably presented in Petitioner's pro se post-conviction motion. (Doc. 7-2 at 21-22). The Missouri Circuit Court for the Twenty-Second Judicial Circuit (City of St. Louis) addressed this argument, essentially determining that it failed because Petitioner knowingly pled guilty to the alleged crimes and had voluntarily affirmed the adequate performance of Plea Counsel. (*Id.* at 63-68). On appeal to the Missouri Court of Appeals, however, Petitioner failed to renew this argument and instead only exhausted his fifth ground for relief regarding Plea Counsel's alleged failure to investigate a defense eye-witness. (Doc. 7-3 at 23-31).[1] *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (internal quotations omitted) ("In Missouri, a claim must be presented at each step of the judicial process in order to avoid default.").

---

[1] Petitioner also exhausted the argument that his plea was involuntary because Plea Counsel advised him he would only be sentenced to seven years and six months in prison. (Doc. 7-3 at 15-22). Construing the Petition liberally, this Court will consider this claim within Petitioner's third ground for relief.

6

Petitioner procedurally defaulted his first four grounds for relief by failing to present them at each step of the Missouri post-conviction appeal process. *See Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996). A habeas petitioner under § 2254 may avoid procedural default only by showing that there was cause for the default and resulting prejudice, or that a miscarriage of justice will result from enforcing the procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 87, 90-91 (1977). Petitioner has not shown any cause for his procedural default. While the first four ground for relief have been procedurally defaulted, this Court will proceed to substantively address Petitioner's claims.

B. Substantive Analysis

**Ground One: Ineffective Assistance of Counsel – Gunshot Residue Test**

In his first ground for relief, construed liberally, Petitioner contends that Plea Counsel rendered ineffective assistance by failing to argue that the "[a]rresting police officers did not perform SWOB[2] test to determine if Petitioner fired a gun which would've cleared him as a suspect." (Doc. 1 at 3). Petitioner also claims that the arresting officers have been "linked to police corruption." (*Id.*). Petitioner appears to be arguing that Plea Counsel should have obtained a gunshot residue test in order to exculpate Petitioner.

Petitioned pled guilty in open court, repeatedly assuring the judge that he was voluntarily and knowingly pleading guilty to the crimes alleged. (Doc. 7-1 at 11-13). The court asked the prosecution to recite the precise facts it would attempt to prove at trial, and Petitioner admitted that such facts were true. (*Id.*). There is no indication that a SWOB test would have demonstrated Petitioner's innocence, or that Petitioner would have proceeded to trial if a SWOB test had been

---

[2] This Court presumes that Petitioner is referring to a gunshot residue test.

7

performed. *See Watson*, 682 F.3d at 745 (Petitioner must "establish a reasonable probability that he would have exercised his right to trial but for counsel's ineffectiveness.").

In claiming that his guilty plea was involuntary, Petitioner must "overcome strong presumptions of counsel's competence and of the voluntariness of the guilty plea based on his representations at the plea hearing." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). This Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019) (citation omitted). Petitioner has made a bare allegation that Plea Counsel should have performed a SWOB test or challenged the arresting officers' failure to do so. This unsupported claim is clearly insufficient to overcome the presumptions created by *Strickland* and Petitioner's voluntary statements. Accordingly, Petitioner's first ground does not merit any habeas relief.

**Ground Two: Ineffective Assistance of Counsel – Abandonment & Actual Innocence**

In his second ground for relief, Petitioner alleges abandonment and actual innocence. Petitioner claims that he never fired a gun, an actual innocence defense was the best course of action, and that he only pled guilty under duress due to Plea Counsel's abandonment. (Doc. 1 at 3). Petitioner's unsupported claim that Plea Counsel should have pursued an actual innocence defense again cannot overcome the presumption of counsel's effective performance and Petitioner's own statements in court. Petitioner specifically informed the plea court that he "discussed all possible defenses" with Plea Counsel, who did "everything that [Petitioner] asked him to do." (Doc. 7-1 at 17-18).

As to his supposed actual innocence, Petitioner briefly suggests that he can offer "irrefutable evidence of an assailant, jumping out of the vehicle Petitioner was operating." (Doc.

8

1 at 3). An actual innocence claim can overcome a procedural default in certain circumstances under the miscarriage of justice exception. *See generally McQuiggin v. Perkins*, 569 U.S. 383 (2013). The Eighth Circuit has consistently described the standard for such an actual innocence claim as "demanding." *Williams v. Hobbs*, 509 Fed. App'x 558 (8th Cir. 2013) (per curiam). Petitioner has not offered any new evidence or persuasive argument regarding his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (Petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."); *see also* 28 U.S.C. § 2254(e)(2). Therefore, Petitioner has not established any constitutional violation within his second ground for relief.

### Ground Three: Ineffective Assistance of Counsel – Adequate Trial Strategy

In his third ground for relief, Petitioner contends that Plea Counsel failed to prepare an adequate trial strategy and "manipulated Petitioner into waiving his rights." (Doc. 1 at 4). Once again, the Court notes that Petitioner's arguments are contradicted by his clear affirmation to the state court that Plea Counsel provided adequate assistance and that the plea was knowing and voluntary. (Doc. 7-1). Counsel does not act unreasonably, moreover, by declining to pursue every legal strategy proposed by their client. *See Thomas v. United States*, 737 F.3d 1202, 1208 (8th Cir. 2013) ("A defendant is protected when trial tactics are reserved for trained counselors."). Petitioner has not provided sufficient detail regarding particular decisions Plea Counsel made rendering Petitioner unprepared to proceed to trial. Petitioner's general assertions cannot overcome the presumption that his guilty plea was knowing and voluntary.

Petitioner also appears to argue that Plea Counsel pressured him to accept the prosecution's plea offer by exaggerating the risks of proceeding with trial. Petitioner suggests he expected to receive a seven and one-half year sentence following his plea but instead was

sentenced to fifteen years' imprisonment. At the plea hearing, however, the court carefully ensured that Petitioner understood the sentencing consequences of his plea:

> Plea Court: The State of Missouri has recommended a term of 15 years concurrent. So you'll get the 15 on the Class B, shooting from the motor vehicle; 15 on the ACA, I run everything together, concurrent, for a total of 15 years without any type of enhancement or without any type of statutory minimum. Do you understand that?
>
> Petitioner: Yes, sir.
>
> . . .
>
> Plea Court: In your words, what – how much time did I tell you were going to get for these crimes?
>
> Petitioner: Fifteen, Your Honor. (Doc. 7-1 at 16).

In considering this argument on appeal, the Missouri Court of Appeals concluded that "the record is abundantly clear that [Petitioner] knew and understood that, if he pleaded guilty to the charged crimes, he would have to serve a term of imprisonment of 15 years." (Doc. 7-5 at 7). The court further noted that even "assuming *arguendo* that [Plea Counsel] misinformed [Petitioner] about the sentence he would receive if he pleaded guilty to the charged offenses, the plea court thoroughly disabused [Petitioner] of any preconceived notions regarding the consequences of a guilty plea, and no reasonable basis existed for [Petitioner's] alleged belief that he would only receive a sentence of seven-and-a-half years' imprisonment." (*Id.* at 8) (internal quotation omitted). Pursuant to the doubly deferential standard of review applicable to this claim, this Court finds that the Missouri Court of Appeals reasonably applied Supreme Court precedent and appropriately affirmed the Missouri motion court. *See* 28 U.S.C. § 2254(d).

### Ground Four: Fifth and Eighth Amendments – Duress

In his fourth ground for relief, Petitioner contends that he pled guilty under duress because he suffered "hopelessness" and a "profound weakness [and] a prolific vulnerability."

10

(Doc. 1 at 4). Petitioner essentially argues that his plea was involuntary because Plea Counsel exaggerated the risks of proceeding with trial and effectively left Petitioner without a meaningful choice. But counsel does not render ineffective assistance by advising his or her client regarding the risks of proceeding with trial, including the risk of a substantially higher sentence. *See Brooks v. United States*, 772 F.3d 1122, 1123-24 (8th Cir. 2014) (affirming counsel's decision to recommend plea as a permissible strategic choice).

Petitioner suggests that Plea Counsel described the prosecution's case as "iron clad" and "[m]ore secure than Fort Knox." (Doc. 1 at 4). This Court must begin with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 687. Accepting Petitioner's allegations as true, Plea Counsel assessed that the prosecution had an extremely strong case and advised Petitioner to plead guilty in order to obtain a lower sentence. This is precisely the sort of "strategic choice[] made after thorough investigation of law and facts relevant to plausible options" which is "virtually unchallengeable." *Id.* at 690. This Court must "avoid the distorting effects of hindsight" and instead consider the reasonableness of Plea Counsel's advice at the time it was rendered. *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010) (internal quotation omitted). Plea Counsel's strategic advice that Petitioner was very likely to be convicted and face a harsher sentence following trial does not render Petitioner's guilty plea involuntary. Therefore, Petitioner's fourth ground does not merit habeas relief.[3]

---

[3] Petitioner also appears to argue that his 15-year sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. Given the serious nature of Petitioner's crimes, this Court holds that the 15-year sentence is not "grossly disproportionate" to the offense. *Solem v. Helm*, 463 U.S. 277, 288 (1983); *see also United States v. Paton*, 535 F.3d 829, 837 (8th Cir. 2008) (citation omitted) (noting that successful challenges on these grounds outside capital punishment context are "exceedingly rare").

**Ground Five: Ineffective Assistance of Counsel – Eye-Witness Testimony**

In his fifth ground for relief, Petitioner contends that Plea Counsel failed to investigate an eye-witness. The Missouri Court of Appeals denied this claim because Petitioner's "testimony during his plea proceedings refuted his ineffective assistance claim." (Doc. 7-5 at 9). The Petition offers virtually no details regarding the identity of the supposed eye-witness or nature of her expected testimony. In briefing on appeal, however, Petitioner contended that Plea Counsel should have investigated Margaret Barton, who would have testified that Petitioner did not possess the gun in question. (Doc. 7-2 at 48-52).

The Eighth Circuit has held that a defendant who testified at his plea hearing that he was satisfied with counsel's representation could not later claim a plea was involuntary due to counsel's alleged failure to investigate the case. *United States v. Hughes*, 16 F.3d 949, 951 (8th Cir. 1994) (per curiam). At his plea hearing, Petitioner specifically affirmed that he gave Plea Counsel "the names of all witnesses, if any, that could come into this courtroom to testify" and that Petitioner was entirely satisfied with Plea Counsel's performance. (Doc. 7-1 at 17). The Missouri Court of Appeals appropriately affirmed the decision of the motion court in light of Petitioner's sworn statements at his plea hearing. Petitioner has not demonstrated that the Missouri Court of Appeals assessed this claim in an "objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004) (quoting *Bell v. Cone*, 535 U.S. 698-99 (2002)); *see also Coomer v. Morriss*, No. 4:19-CV-2649 HEA, 2020 WL 6392774, at *3-4 (E.D. Mo. Nov. 2, 2020) (deferring to Missouri Court of Appeals in similar circumstances). Petitioner has offered no evidence refuting the presumption of adequate performance by Plea Counsel, and the Missouri Court of Appeals reasonably applied Supreme Court precedent. Therefore, the fifth ground for relief fails as a matter of law.

IV.     **CONCLUSION**

Petitioner seeks habeas relief from his conviction in Missouri state court on five grounds. Except for a portion of Ground Three, Petitioner has procedurally defaulted his first four grounds for relief by failing to exhaust his claims in state court. Considering his claims substantively, this Court concludes that habeas relief is not warranted. Each of Petitioner's ineffective assistance claims are squarely contradicted by his sworn statements during his plea hearing regarding the adequate representation of Plea Counsel and voluntariness of the plea. Petitioner, meanwhile, has merely offered bare assertions and provided no new evidence or persuasive argument that ineffective assistance by Plea Counsel rendered his guilty plea involuntary. Finally, to the extent Petitioner exhausted certain claims in state court, the Missouri Court of Appeals' reasonable analysis of those claims is entitled to deference pursuant to 28 U.S.C. § 2254(d).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Bobby Brown's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED** and this case is hereby **DISMISSED with prejudice**. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 3rd day of August, 2021.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE